IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Deirdre Raysor, Plaintiff, v. U.S. Bank, Defendant. | ) | C/A No. 3:25-7926-MGL-PJG **REPORT AND RECOMMENDATION** |

Deirdre Raysor, a self-represented plaintiff, filed this employment discrimination action in July 2025. Following initial review, the court authorized service and construed the Complaint as asserting claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) ("PDA"), alleging pregnancy discrimination and retaliation; and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., alleging failure to accommodate against her employer, Defendant U.S. Bank.[1] (See Compl., ECF No. 1; Order, ECF No. 14.) In December 2025, the court granted Plaintiff leave to file an Amended Complaint and stated that, in addition to the claims construed above, the Amended Complaint also alleged a hostile work environment claim pursuant to Title VII. (ECF Nos. 70 & 72.) As observed by the defendant, the Amended Complaint also included a failure to accommodate claim under the Pregnant Workers Fairness Act ("PWFA"), 42 U.S.C. §§ 2000gg, et seq.

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendant's partial motion to

[1] The court subsequently dismissed individual defendant, Tumia Hawes, with prejudice from this action with consent of all parties. (ECF No. 41.)

dismiss Plaintiff's Amended Complaint. (ECF No. 76.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the defendant's motion. (ECF No. 78.) This matter is fully briefed and ready for resolution. (See ECF Nos. 76, 81, & 83.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be granted.

**DISCUSSION**

**A. Rule 12(b)(6) Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)). Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see, e.g.,

Erickson, 551 U.S. 89, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B. Defendant's Motion**

In her Amended Complaint, Plaintiff raises the following claims: (1) Failure to Accommodate, under the PWFA; (2) Pregnancy Discrimination, under Title VII as amended by the PDA; (3) Retaliation, under Title VII and the PWFA; (4) Hostile Work Environment, under Title VII; and (5) Disability Discrimination/Failure to Accommodate, under the ADA. The defendant moves to dismiss Plaintiff's third and fourth claims. In considering a motion to dismiss in an employment discrimination case, a plaintiff need not allege a *prima facie* case to survive a Rule 12(b)(6) motion; however, consideration of the requisite elements provides a useful backdrop when considering whether a plaintiff has alleged facts to raise a plausible claim. See McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin., 780 F.3d 582, 585 (4th Cir. 2015) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002)).

**1. Retaliation Claim**

The requisite elements for a *prima facie* case of retaliation typically include: (1) the employee engaged in a protected activity; (2) the employer acted adversely against her; and (3) there was a causal connection between the protected activity and the asserted adverse action. See Ziskie v. Mineta, 547 F.3d 220, 229 (4th Cir. 2008); Holland v. Washington Homes, Inc., 487 F.3d 208, 218 (4th Cir. 2007). Further, unlike discrimination claims, "retaliation claims must be proved according to traditional principles of but-for causation," which "requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the

employer." Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 360 (2013); cf. Netter v. Barnes, 908 F.3d 932, 938 (4th Cir. 2018) (observing that the "but-for causation requirement [for retaliation claims] is stricter than the 'lessened causation standard' for discrimination claims under which a plaintiff need only show that 'race, color, religion, sex, or national origin was a motivating factor' for an adverse action by an employer") (citing Nassar, 570 U.S. at 360 and 42 U.S.C. § 2000e-2(m)).

The defendant argues that, accepting all of Plaintiff's allegations as true, Plaintiff has failed to allege facts plausibly suggesting that she suffered any adverse action *because of* her protected activity. Here, Plaintiff's allegations supporting her retaliation claim are as follows:

> 34. Plaintiff engaged in protected activity when she requested a pregnancy-related accommodation (a right protected under the PWFA) and when she complained to management and HR about the denial of that accommodation (opposing what she reasonably perceived as unlawful pregnancy-based treatment).
>
> 35. In response to Plaintiff's protected activity, Defendant took materially adverse actions that would dissuade a reasonable employee from asserting her rights. These actions included, but were not limited to: refusing to process or grant Plaintiff's accommodation request; directing Plaintiff to exhaust her limited leave time instead of providing an accommodation; and failing to conduct any individualized assessment or consider alternative accommodations for Plaintiff.

(Am. Compl. ¶¶ 34-35, ECF No. 72 at 4.) To provide additional context, earlier in the Amended Complaint Plaintiff alleges that she "reported the denial of her accommodation request to an HR investigator, Jennifer Strada" and "[d]espite Plaintiff's complaint, Defendant still refused to provide the requested schedule adjustment and continued to require Plaintiff to use her own leave time to cover prenatal appointments rather than accommodate her need." (Id. ¶ 13, ECF No. 72 at 2.) Also with regard to this claim, the parties appear to consider Plaintiff's allegation that her direct supervisor, Tumia Hawes, "directed her team members—including Plaintiff—to perform certain required software updates or IT troubleshooting steps while 'off the clock,' and she stated

that time spent contacting IT for system failures would not be compensated," which "effectively pressured Plaintiff to work off-the-clock and created additional stress, particularly given Plaintiff's high-risk pregnancy and need to avoid overexertion." (Id. ¶ 16.)

As an initial matter, for the reasons stated by the defendant, Plaintiff's requests for a schedule change for her pregnancy are not protected activity under Title VII or the PDA. (See Def.'s Mot. to Dismiss at 4-5, ECF No. 76 at 4-5) (citing Parker v. Children's Nat'l Med. Ctr., Inc., C/A No. ELH-20-3523, 2021 WL 5840949, at *22 (D. Md. Dec. 9, 2021); Blanchard v. Arlington Cnty., Va., C/A No. 1:21-cv-0649, 2023 WL 2215807, at *10 (E.D. Va. Feb. 24, 2023)). Protected activity may fall into one of two categories: opposition or participation. Crawford v. Metro. Gov't of Nashville & Davidson Cnty., 555 U.S. 271 (2009). To constitute protected opposition activity, a plaintiff must have conveyed to the employer a reasonable belief that the actions complained of violated federal anti-discrimination laws. See Netter, 908 F.3d at 937-38 ("[F]or an employee's activity to constitute protected 'opposition,' she must show [] that she reasonably believed that the employment action she opposed constituted a Title VII violation[.]"). Here, the earliest possible allegation of protected activity is Plaintiff's complaints to management and HR concerning the denial of that accommodation, which was necessarily after her request was initially denied. Therefore, the denial of her request for a schedule adjustment and subsequent requirement that she use leave for her appointments cannot support her allegation of retaliation since those decisions occurred *before* she engaged in protected activity. See Manguiat v. Bd. of Educ. of Prince George's Cnty., No. GJH-13-1165, 2015 WL 2376008, at *9 (D. Md. May 18, 2015) (stating that "because the alleged retaliation took place before [the plaintiff] engaged in protected activity there can be no causal connection between the two") (citing Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 309 (4th Cir. 2006) (affirming summary judgment where

the “actions that led to [the plaintiff’s] probation and termination began before her protected activity, belying the conclusion that a reasonable factfinder might find that [the defendant’s] activity was motivated by [her protected activity]”)). The only other allegation that the parties have considered tied to this claim is that all her team members were required to perform software updates off the clock. Since this requirement was attached to all Plaintiff’s team members, she cannot demonstrate that the action was retaliatory or because of her protected activity.

Therefore, the defendant is entitled to dismissal of this claim.

**2. Hostile Work Environment**

The defendant first argues that Plaintiff has not pled facts sufficient to show that the acts of which she complains meet the requisite legal standard to establish a hostile work environment—that is, that the conduct was so severe or pervasive that it altered the conditions of her employment so as to be an abusive environment. Here, the court must agree that, even accepted as true for purposes of the instant motion, the acts alleged in the Amended Complaint as constituting a hostile work environment do not meet the requisite legal standard.

To make out a hostile work environment claim under federal anti-discrimination laws, a plaintiff must show that (1) she experienced unwelcome harassment; (2) the harassment was based on a protected characteristic; (3) the harassment was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer. See Perkins v. Int’l Paper Co., 936 F.3d 196, 207-08 (4th Cir. 2019); Baqir v. Principi, 434 F.3d 733, 745-46 (4th Cir. 2006). A hostile work environment exists “[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or persuasive to alter the conditions of the victim’s employment and create an abusive working environment.” Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (internal

quotation marks and citations omitted) (Title VII); see also Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 277 (4th Cir 2015). However, "[w]orkplaces are not always harmonious locales," E.E.O.C. v. Sunbelt Rentals, Inc., 521 F.3d 306, 315-16 (4th Cir. 2008) (Title VII), and federal employment statutes are not "general civility code[s]." Oncale v. Sundower Offshore Servs., Inc., 523 U.S. 75, 80 (1998) (Title VII); Mosby-Grant v. City of Hagerstown, 630 F.3d 326, 335 (4th Cir. 2010) (Title VII).

The "severe or pervasive" element has a subjective and objective component. Therefore, a plaintiff must show that she did perceive, and that a reasonable person would perceive, the environment to be abusive or hostile. Perkins, 936 F.3d at 208 (quoting E.E.O.C. v. Cent. Wholesalers, Inc., 573 F.3d 167, 175 (4th Cir. 2009)). The court must look at the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. (quoting Sunbelt Rentals, Inc., 521 F.3d at 315); see also Sunbelt Rentals, Inc., 521 F.3d at 315-16 (stating that complaints that would objectively give rise to bruised or wounded feelings or incidents that are premised on nothing more than rude treatment, callous behavior, or a routine difference of opinion and personality conflict will not satisfy the severe or pervasive standard). A single offensive utterance such as simple teasing or an offhand comment generally will not create a hostile environment without significant repetition or an escalation in the harassment's severity, but an isolated incident that is physically threatening or humiliating may be actionable on its own if it is "extremely serious." Boyer-Liberto, 786 F.3d at 284 (quoting Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998)); see also Harris, 510 U.S. at 21. Ultimately, the hostility or abuse must be so extreme that it amounts to a

change in the terms and conditions of employment. Boyer-Liberto, 786 F.3d at 277; Faragher, 524 U.S. at 788.

The United States Court of Appeals for the Fourth Circuit has reaffirmed that the standard for a hostile work environment is a "steep requirement." Perkins, 936 F.3d at 207-08. Plaintiff's Amended Complaint includes the following limited allegations regarding this claim:

> Because of Plaintiff's pregnancy and/or in retaliation for her accommodation requests and complaints, Plaintiff was subject to unwelcome conduct by her supervisor that unreasonably interfered with her work environment. This conduct included moving important discussion to unrecorded calls (circumventing normal documentation); subjecting Plaintiff's work to heightened scrutiny or excluding her from communications; and denying Plaintiff a needed schedule adjustment while granting similar requests to others. Such conduct was intimidating, undermining, and directly affected the conditions of Plaintiff's employment.

(Am. Compl. ¶ 39, ECF No. 72 at 4.) All of this alleged conduct falls well short of rising to the level of an abusive or hostile environment. See Decoster v. Becerra, 119 F.4th 332, 335-36 (4th Cir. 2024) (observing that negative performance assessments, while unpleasant, are not abusive acts, and affirming the dismissal of a hostile work environment claim where a plaintiff alleged that her supervisor spoke to her with contempt and treated her with disdain, including singling out the plaintiff in front of her colleagues and peers and accusing the plaintiff of failing in her position, blaming her for issues out of her control, threatening to fire her, and issuing her a letter of expectation and a performance improvement plan); Holloway v. Maryland, 32 F.4th 293, 301 (4th Cir. 2022) (finding that allegations that a plaintiff's supervisor refused to communicate directly with him; surveyed employees about the plaintiff's leadership and his whereabouts during the workday; criticized the plaintiff's leadership and budget management in meetings; called a meeting earlier than its usual time and yelled at the plaintiff, slammed documents onto a table, and required the plaintiff to call him "sir"; required the plaintiff to sign a disciplinary evaluation or be considered insubordinate; and failed to honor the plaintiff at an employee-recognition program

were "considerably short of alleging an abusive work environment"); Bonds v. Leavitt, 629 F.3d 369, 385 (4th Cir. 2011) ("[A]llegations, which largely include the actions taken against [the plaintiff] in response to the concerns regarding her performance, fall well short of alleging an abusive working environment."); Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 764-65 (4th Cir. 2003) (finding that a plaintiff failed to plead facts sufficient to support a hostile work environment claim where the allegations "merely tell a story of a workplace dispute regarding her reassignment and some perhaps callous behavior by her superiors"); Ofoche v. Apogee Med. Grp., 815 F. App'x 690, 693 (4th Cir. 2020) ("Harassment is severe or pervasive only if the workplace is 'pervaded with discriminatory conduct aimed to humiliate, ridicule, or intimidate.' ") (quoting Sunbelt Rentals, Inc., 521 F.3d at 316); Young v. Giant Food Stores, LLC, 108 F. Supp. 3d 301, 312 (D. Md. 2015) (granting a Rule 12(b)(6) motion where the plaintiff alleged that her supervisor showed her disdain and disrespect, yelled at her, refused to provide resources, and ignored her calls and messages); Favi v. Virginia State Univ., C/A No. 3:19-517, 2020 WL 4001085, at *5 (E.D. Va. July 15, 2020) (dismissing a hostile work environment claim for failure to state a claim where the plaintiff alleged that her supervisor asked her to perform duties outside her employee work profile, expected her to perform physically taxing work, and made decisions that made the plaintiff's research more difficult, because those acts did not constitute severe or pervasive conduct amounting to a change in the terms and conditions of employment); cf. Kendrick v. Carter Bank & Trust, Inc., C/A No. 4:19CV00047, 2020 WL 3549192, at *6 (W.D. Va. June 30, 2020) (denying a Rule 12(b)(6) motion as to a hostile work environment claim based on age where the plaintiff alleged numerous age-related comments from different officials along with incidents where the plaintiff and other older workers had been marginalized, stripped of duties and responsibilities, and denied training and other opportunities provided to younger employees).

Even accepting as true all of the factual allegations of the Amended Complaint, because the alleged conduct was neither so severe nor pervasive as to alter the conditions of her employment *and* to create an abusive atmosphere as a matter of law, Plaintiff's hostile work environment claim fails to state a claim upon which relief can be granted.

**C. Motion to Amend**

Leave to amend a pleading should be denied when the amendment would cause undue delay, when it would be prejudicial to the opposing party, when there has been bad faith on the part of the moving party, or when the amendment would be futile. See Foman v. Davis, 371 U.S. 178 (1962); Johnson v. Oroweat Foods Co., 785 F.2d 503, 509-10 (4th Cir. 1986). In this case, Plaintiff seeks leave to file a Second Amended Complaint, arguing she can include additional dates to support her continued challenges to the denial of her schedule adjustment after she spoke to the HR investigator. However, it is undisputed that the denial of her adjustment by Hawes was the catalyst for her alleged protected activity. Therefore, simply alleging that the decision from the escalation of this denial occurred after she allegedly engaged in protected activity is insufficient, standing alone, to support of a claim of retaliation. See Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 309 (4th Cir. 2006) (affirming summary judgment where the "actions that led to [the plaintiff's] probation and termination began before her protected activity, belying the conclusion that a reasonable factfinder might find that [the defendant's] activity was motivated by [her protected activity]"). Accordingly, Plaintiff's amendment would be futile, and therefore, Plaintiff's motion to amend is denied.

**RECOMMENDATION**

For the foregoing reasons, the court recommends that the defendant's partial motion to dismiss (ECF No. 76) be granted. If this recommendation is adopted, the claims remaining in this action will be (1) Failure to Accommodate, under the PWFA; (2) Pregnancy Discrimination, under Title VII as amended by the PDA; and, pled in the alternative, (3) Disability Discrimination/Failure to Accommodate, under the ADA.

July 20, 2026
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).