

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| DEIRDRE RAYSOR,<br>　　　　　　Plaintiff | §<br>§<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 3:25-7926-MGL-PJG |
| U.S. BANK,<br>　　　　　Defendant. | §<br>§<br>§<br>§ | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS**

Plaintiff Deirdre Raysor, who is self-represented, brings this action against Defendant U.S. Bank.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court U.S. Bank's partial motion to dismiss be granted such that the remaining claims in this action will be: (1) Failure to Accommodate, under the PWFA; (2) Pregnancy Discrimination, under Title VII as amended by the PDA; and, pled in the alternative, (3) Disability Discrimination/Failure to Accommodate, under the ADA. The Magistrate Judge filed the Report in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 20, 2026, but Raysor failed to file any objections to the Report.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself . . . there is no clear error on the face of the record . . . to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.  It is therefore the  judgment of the Court U.S. Bank's partial motion to dismiss is **GRANTED** such that the remaining claims in this action are: (1) Failure to Accommodate, under the PWFA; (2) Pregnancy Discrimination, under Title VII as amended by the PDA; and, pled in the alternative, (3) Disability Discrimination/Failure to Accommodate, under the ADA.

**IT IS SO ORDERED**.

Signed this 10th day of August, 2026, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.